UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MONICA MARINE, ETC., ET AL                CIVIL ACTION

VERSUS                                     NO. 14-1938

MONA VAN KRIEKEN, ET AL                    SECTION "C" (3)

ORDER AND REASONS

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal.  Having reviewed the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiffs' petition seeks damages for personal injuries allegedly sustained on August 28, 2013, in an automobile accident.  Suit was filed on July 16, 2014, and removed on the basis of diversity jurisdiction on August 25, 2014.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction.  Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court with jurisdiction.  Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988

F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists.  Id.   This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

    The defendants agree that the existence of the jurisdictional threshold was not facially apparent from the petition, and rely on the plaintiff's denial that the claim was for less than $75,000 and medical records indicating a diagnosis of cerebral concussion and "herniated lumbar disc vs. segmental lumbosacral instability," along with the neurosurgeon's statement that the plaintiff is a "surgical candidate pending her test

results." Rec. Doc. 7-2. The plaintiffs state that the neurosurgeon recommended that she be admitted to undergo tests with the possibility of a surgical recommendation pending the results of those tests, and that her medical bills to date total $7,064.00. The plaintiffs also state that they believe the hospitalization will be accomplished in the next 30-45 days. Rec. Doc. 8 at 2. The plaintiffs also state that the outcome of those tests are determinative of the existence of the jurisdictional minimum because if those tests do not indicate the necessity of surgery, the jurisdictional minimum is not met. Rec. Doc. 8 at 3.

The Court finds that the defendants have not made a showing sufficiently particularized to meet their burden. The existence of the jurisdictional minimum is determined at the time of removal, and the record lacks evidence of significant medical expenses, a final diagnosis or prognosis or the nature of any alleged disability. Absent some proof supporting the jurisdictional amount, federal jurisdiction would be based, at best, on speculation or consent, neither of which is allowed.

Based on the record and the law, the Court can not find that the defendants have established subject matter jurisdiction. In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A.

Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 6th day of October, 2014.

                          HELEN G. BERRIGAN
                          UNITED STATES DISTRICT JUDGE